## MURRAY *v.* THE STATE.

1. Construed in the light of the record, in connection with the brief of counsel for the plaintiff in error, the real contention by "plea to the jurisdiction" was, that the superior court could not, at an adjourned term, legally remain in session longer than one week, and that in order to sit during the next succeeding week it would have been necessary to pass a special order appointing another adjourned term, or a special term. Thus construed, the plea was without merit. An adjourned term of a superior court, in the absence of a statutory prohibition to the contrary, express or implied, may continue in session from day to day or from week to week, as long as it may be necessary to transact its business.
2. The evidence warranted the verdict.        *Judgment affirmed.* January 17, 1893.

Before Judge MARTIN.   Marion superior court.   October term, 1892.

Indictment for assault with intent to murder; verdict, "guilty of the unlawful shooting of another." The grounds of exception are, that the court erred in sustaining a demurrer to the defendant's "plea to the jurisdiction," and that the verdict is contrary to law and evidence.

1. The indictment was in Marion superior court. The "plea to the jurisdiction" alleges that this court "has been in session for more than one week, this being the second week of said court," and that this second week, "at which this defendant is called upon to answer,. is neither an adjourned term of said court nor a special term of said court for the trial of criminals. And defendant further says that a mere recess was taken from Friday evening of the first week to the following

Monday of the second or present week. . . And defendant says that by law the superior court of said county of Marion cannot be held for a longer term than one week, unless it be so held as an adjourned term or special term for the trial of criminals." The demurrer was on the ground that the plea was insufficient in law.

2. The evidence is conflicting as to how the pistol shot came to be fired, though there is no dispute that the pistol was in the hands of the defendant, and that the shot wounded the woman with whom he was struggling or scuffling. The State's testimony tends to show that he and another man went to the room of two women at night, and being admitted and finding a third man lying on a pallet, defendant drove him away with a razor and took the pistol from under the pillow where he had been lying; that defendant then went to the bed of one of the women, put himself across her knees and told her to turn over, and she refusing, he threatened to "lighten her up" if she did not; and on her continuing to refuse he shot her in the thigh. The theory of the defence is, that the shooting was unintentional, and was caused by the woman grabbing the pistol and trying to take from the defendant a whisky bottle.

BLANDFORD & GRIMES and SIMEON BLUE, by brief, for plaintiff in error.

S. P. GILBERT, solicitor-general, and ALBERT A. CARSON, contra.